NO.  94-113

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

     Plaintiff and Respondent,

  -vs-

MATTHEW C. FULLER,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial **District**,
               In and for the County of Yellowstone,
               The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Gary E. Wilcox, Chief Deputy Public Defender,
          Billings, Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General, Jennifer
          Anders, **Ass't** Attorney General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney,
          Billings, Montana

FILED

Filed:    SEP a 5 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs:  August 4, 1994

Decided:  September 15, 1994

Justice Karla M. Gray delivered the Opinion of the Court.

Matthew C. Fuller (Fuller) appeals his conviction of three counts of attempted sexual assault, and the judgment entered thereon, following a bench trial conducted in the Thirteenth Judicial District Court, Yellowstone County. We reverse, concluding that the conviction is contrary to law.

The State of Montana (State) charged Fuller by information with three counts of felony attempted sexual assault pursuant to §§ 45-4-103 and 45-5-502, MCA. He subsequently was tried by the District Court.

Testimony regarding the underlying facts was largely undisputed. On November 25, 1992, Fuller drove from his home in Roundup and parked outside an elementary school in Billings. At approximately 3:00 p.m., as the school day ended, he followed three young girls down Nutter Boulevard in his vehicle. Two of the girls, L.S. and P.M., testified that Fuller first honked his horn and made the comment "nice butt" in their general direction as he drove by. A few minutes later he approached again, this time driving on the wrong side of the street. According to L.S. and P.M., Fuller then pulled up on the sidewalk directly alongside them and stated "let's do it" while sticking out his tongue and licking his lips.

The third girl, T.R., testified she heard a horn honk as the three girls left the school area together. She first noticed Fuller when he pulled up onto the Nutter Boulevard sidewalk: at that point, T.R. started running and did not hear the comments

2

about which the other girls testified. Contrary to the testimony of L.S. and P.M., T.R. testified that Fuller's passenger, as opposed to driver's, side wheels were pulled up on the sidewalk. None of the girls testified that Fuller ever stopped the car, opened his door, or reached out for them in any way.

Billings Police Detective Dave Hinkel also testified. Hinkel related that, during a post-arrest interview, Fuller admitted that "he was on the very edge of having a significant problem sexually with children" and that he believed himself to be a pedophile.

The District Court announced its decision and findings orally after the trial and adopted the State's Proposed Findings of Fact and Conclusions of Law. It found Fuller guilty of the offenses as charged. The court subsequently imposed sentence and entered judgment. Fuller appeals.

The dispositive issue before us is whether the District Court's finding that there was insufficient evidence to establish a necessary element of the offense beyond a reasonable doubt renders the conviction invalid as a matter of law.

Our usual standard of review following a criminal conviction is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. State v. Riley (1992), 252 Mont. 469, 470, 830 P.2d 549, 550; citing Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573. This case presents an issue relating to the fundamental principle subsumed in this standard: that the prosecution must establish each and every element of the charged offense by proof

beyond a reasonable doubt. See Jackson, 443 U.S. at 316.

Fuller was convicted of attempted sexual assault. To be guilty of the underlying offense of sexual assault, a person must knowingly subject another person to **"sexual contact"** without consent. Section 45-5-502, MCA. Sexual contact requires a touching of the sexual or other intimate parts of the victim for the purpose of arousing or gratifying the sexual desire of either party. Section **45-2-101(60),** MCA. An "attempt" requires proof that the defendant, with the purpose of committing the underlying offense, took any act toward commission of the offense. Section **45-4-103(1),** MCA.

Here, the District Court found as follows during the oral pronouncement of its decision:

> In this particular case if an actual touching is a required element, and arguably it is, then a not guilty verdict is the only appropriate verdict because <u>the evidence does not show beyond a reasonable doubt that the defendant intended to **actually** touch the victims.</u>

(Emphasis added.) By adopting the State's proposed findings and conclusions, the court also found:

> **[T]hat** the <u>evidence is sufficient to **prove** the defendant guilty</u> of the offense of Attempt Sexual Assault (Felony) as alleged in Counts I, II, and III of the Information <u>Beyond A Reasonable Doubt.</u>

(Emphasis added.) The District Court found Fuller guilty on all three counts of felony attempted sexual assault.

Applying the statutory definitions of the offense of attempted sexual assault to the District Court's first quoted finding, it is clear that the court found insufficient evidence to establish that Fuller acted with the purpose of committing the underlying offense

4

of sexual assault. The trier of fact having found that the State did not meet its burden on this necessary element of the offense of attempted sexual assault, Fuller must be acquitted of the offense.

The State argues that we should consider the District Court's findings in their entirety and divine the court's intent. The State's position is that the court's statements, taken as a whole, demonstrate the court's intent to find Fuller guilty and, therefore, the conviction is legally supportable. Such an approach would require us to speculate as to which **"finding"** should receive the greater weight: we are not in a position to do so. More importantly, we cannot proceed past the court's first quoted finding. ***Our*** review must end when the district court, sitting as the trier of fact, finds that an essential element of the offense has not been established by proof beyond a reasonable doubt. <u>See</u> <u>Jackson,</u> 443 U.S. at 316.

Reversed and remanded with instructions that a judgment of acquittal be entered on all charges.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5