**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30026 |
| Plaintiff - Appellee, | D.C. No. 9:11-cr-00040-DWM |
| v. | |
| PETER RONALD VILLENEUVE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Peter Ronald Villeneuve appeals from the district court's judgment revoking probation and imposing a nine-month prison sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Villeneuve contends that the district court erred in determining that he

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violated the Montana sexual assault statute, M.C.A. § 45-5-502, as alleged in the petition to revoke. We disagree. The record contains substantial evidence that Villeneuve violated section 45-5-502 by attempting to sexually assault the victim. Contrary to Villeneuve's contention, the petition to revoke, which alleged that Villeneuve "attempted to put money down the front of [the victim's] shirt," and that the victim "reported grabbing the money and the defendant's hand before he could place the money against her breast," sufficiently alerted him to the allegation of attempted sexual assault to satisfy his right to notice and due process. *See State v. Fuller*, 266 Mont. 420, 422 (1994) (attempted sexual assault occurs when the defendant takes an act with the purpose of knowingly subjecting another person to "sexual contact" without consent).

Villeneuve also contends that the district court improperly relied on hearsay evidence to conclude that he engaged in disorderly conduct. Villeneuve's statements to the arresting officer did not constitute hearsay. *See* Fed. R. Evid. 801(d)(2).

Villeneuve finally contends that his due process rights were violated because the petition to revoke alleged that he engaged in disorderly conduct, a violation of M.C.A. § 45-8-101, but mistakenly cited to M.C.A. § 45-8-102, the statutory code section for failure of disorderly persons to disperse. We find no due process

14-30026

violation because the petition to revoke uses the term "disorderly conduct" and describes facts constituting that offense, rather than a failure to disperse. Moreover, Villeneuve never expressed any confusion in the district court about the nature of the charge against him.

**AFFIRMED.**