DA 14-0491

FILED

10/04/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0491

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 246

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

JAMES MORRIS COLBURN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 13-198
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad Wright, Chief Appellate Defender, Natalie Wicklund, Assistant
            Appellate Defender, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
            Attorney General, Helena, Montana

            William Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  August 17, 2016

Decided:  October 4, 2016

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Defendant James Morris Colburn (Colburn) was charged with four counts of Sexual Abuse of Children (referred to herein as "possession of child pornography"), and five counts of Attempted Sexual Abuse of Children (referred to herein as "attempted possession of child pornography"). After a jury trial, Colburn was convicted of two counts of attempted possession of child pornography. On appeal, he challenges his convictions and we affirm, addressing the following issue:

*Was there sufficient evidence to support Colburn's convictions of attempted sexual abuse of children?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 In July of 2010, Colburn was a houseguest of his supervisor, at the youth center/video store where he volunteered, staying in her converted garage. His supervisor first became concerned when she noticed that, on the computer at the video store, someone had entered the term "preteen pussy" in an internet search engine. To investigate further, she asked Colburn via text message if she could use his personal computer in the converted garage. Colburn consented, and the supervisor discovered similar search terms on Colburn's personal computer. She reported these details to the Stevensville Chief of Police, who applied for, obtained, and executed a search warrant of the garage, removing Colburn's personal computer.

¶3 A forensic examiner for the State of Montana, Agent Jimmy Weg, examined Colburn's personal computer and found eleven photographs that had been downloaded to the computer's hard drive. The pictures depicted young-appearing females, some naked

2

and some in various stages of undress, in sexually provocative poses. Agent Weg testified at trial that these images had been downloaded to Colburn's desktop computer on four separate occasions, based on the internal timestamp the computer had assigned to downloaded files.

¶4 Agent Weg also recovered the searching and browsing history from internet search engines, discovering five separate searches from Colburn's computer that indicated, in his view, the user was seeking child pornography. On the respective dates of the charges, for which the jury found Colburn guilty of attempted possession of child pornography, Colburn had entered the search terms "preteen tube," "preteen + tube + xxx," "preteentube.com," "preteen pussy," and "preteen pussy stores."

¶5 Trial on the nine charged counts proceeded in April 2014. The State called Colburn's supervisor, the Stevensville Chief of Police, and Agent Weg as witnesses. Agent Weg testified that the computer files revealed that the first of the eleven recovered images was initially downloaded onto Colburn's computer on January 23, 2010. Agent Weg further testified that search terms suggestive of child pornography were entered into internet search engines via Colburn's computer, and child images were downloaded onto his computer's hard drive, on alternating dates over the next six months. Agent Weg testified as an expert witness, stating that, based on his training and experience, the images recovered from Colburn's computer constituted child pornography. One image featured a young-appearing female wearing a headband with the term "Club 17." Agent Weg testified that "Club 17" is a reference to a pornography company based in the

3

Netherlands, and the company's name serves to communicate that subjects used in the company's images and videos are under the age of 17. He also testified that several of the search terms, such as "preteen tube," were terms of art within child pornography culture that would be expected to obtain search results containing child pornography.

¶6     After the State rested its case-in-chief, Colburn moved as a matter of law for "a finding of not guilty with regard to all nine counts[,]" based in part on insufficiency of the evidence. The District Court denied the motion. The jury deadlocked on the counts of actual possession, entering "[u]ndecided/[h]ung" on the verdict form rather than selecting either "[g]uilty or [n]ot [g]uilty" for those charges. The jury acquitted Colburn of three of the counts of attempted possession of child pornography, and found him guilty on two of those counts. After the jury returned its verdict, the State moved to dismiss the four counts of actual possession of child pornography, and the District Court granted the motion. Colburn was sentenced in June 2014 on the two counts of attempted possession. He appeals.

## STANDARD OF REVIEW

¶7     "The standard of review for sufficiency of the evidence to support a jury verdict is 'to determine whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Gardner*, 2003 MT 338, ¶ 29, 318 Mont. 436, 80 P.3d 1262 (quoting *State v. Bauer*, 2002 MT 7, ¶ 15, 308 Mont. 99, 39 P.3d 689). "Whether sufficient evidence exists to convict a defendant is ultimately an analysis and

4

application of the law to the facts and, as such, is properly reviewed de novo." *State v. Gunderson*, 2010 MT 166, ¶ 58, 357 Mont. 142, 237 P.3d 74 (citing *State v. Swan*, 2007 MT 126, ¶ 19, 337 Mont. 326, 160 P.3d 511).

## DISCUSSION

¶8 *Was there sufficient evidence to support Colburn's convictions of attempted sexual abuse of children?*

¶9 Section 45-5-625(1)(e), MCA (2013), provides: "A person commits the offense of sexual abuse of children if the person . . . knowingly possesses any visual or print medium, including a medium by use of electronic communication in which a child is engaged in sexual conduct, actual or simulated." The statute defines "[s]exual conduct" as:

> (i) (F) lewd exhibition of the genitals, breasts, pubic or rectal area, or other intimate parts of any person; or
>
> . . .
>
> (ii) depiction of a child in the nude or in a state of partial undress with the purpose to abuse, humiliate, harass, or degrade the child or to arouse or gratify the person's own sexual response or desire or the sexual response or desire of any person.

Section 45-5-625(5)(b)(i)(F), (ii), MCA (2013).

¶10 Section 45-4-103(1), MCA, addresses the inchoate offense of attempt: "A person commits the offense of attempt when, with the purpose to commit a specific offense, the person does any act toward the commission of the offense."

¶11 We have stated that "not all acts towards the commission of a crime are sufficient [to qualify as an attempt]. There must be an 'overt act' that reaches 'far enough towards the accomplishment of the desired result to amount to the commencement of the

5

consummation.'" *Gunderson*, ¶ 59 (quoting *State v. Mahoney*, 264 Mont. 89, 97, 870 P.2d 65, 70 (1994); *State v. Ribera*, 183 Mont. 1, 11, 597 P.2d 1164, 1170 (1979)). We have also stated that "'there must be at least some appreciable fragment of the crime committed, and it must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter.'" *Mahoney*, 264 Mont. at 97, 870 P.2d at 70 (quoting *Ribera*, 183 Mont at 11, 597 P.2d at 1170; *State v. Rains*, 53 Mont. 424, 426, 164 P. 540, 541, (1917)). These principles were included in the instructions given to the jury by the District Court.

¶12 Colburn argues that the State failed to meet its evidentiary burden at trial to prove beyond a reasonable doubt that an appreciable fragment of the crime was, to paraphrase *Mahoney*, "in such progress" that Mr. Colburn would have knowingly possessed child pornography unless "interrupted by circumstances independent" of his own will. Colburn's argument focuses only on the evidence of the search terms, which he argues is insufficient because "it only shows the fact that Mr. Colburn entered words."

¶13 At trial, the State produced evidence that eleven images of youthful appearing females in sexually provocative poses had been downloaded onto Colburn's computer. The State provided expert forensic testimony that these images were child pornography. One of the images contained a reference to "Club 17," a known pornography producer that advertises the subjects in its images are no more than 17 years old. Even though the jury did not convict Colburn of actual possession based upon these images, the evidence was nonetheless properly before the jury, which could consider and make proper

6

inferences from the images. *See State v. Meredith*, 2010 MT 27, ¶ 45, 355 Mont. 148, 226 P.3d 571 ("Montana law clearly permits a jury to draw inferences from circumstantial evidence presented at trial.") (internal citations omitted).

¶14   The State also produced evidence of various search terms entered on Colburn's computer, such as "preteen tube" and "preteen pussy."[1]   Agent Weg testified that, "a person who would search for preteen tube, from what I've seen, invariably is looking to find child pornography."   During cross-examination, Colburn's defense counsel challenged Agent Weg about the significance of these search terms, which Agent Weg resisted:

> Q.  And so it follows, doesn't it, that those search terms used by an unsophisticated computer user could actually be used to find lawful adult pornography?
>
> A.  I haven't seen that.  And that takes into consideration what else I find on a computer.  I would say, absent finding any child pornography, that would be the case.

Agent Weg explained that Colburn's search terms suggested he was seeking images or videos of underage subjects, and explained that the purpose behind those search terms was corroborated by the multiple images of youthful-appearing females in sexual poses actually found on Colburn's computer, which had been downloaded after multiple searches.

¶15   While it is correct the State introduced no direct evidence that Colburn had accessed or downloaded child pornography on the same dates as he entered the search

---

[1] The jury necessarily accepted the State's position that Colburn had entered the search terms and downloaded the images onto his computer, a finding that Colburn does not challenge on appeal.

terms, it is not correct that the State's case demonstrated merely that "Colburn entered words." The particular "words" used by Colburn as search terms included terms of art within child pornography culture. Further, the State established that Colburn was actually successful in accessing and downloading images of provocative youthful subjects on other dates, some of which were interspersed among the dates on which the charges were based. Taken as a whole, sufficient evidence was presented for the jury to determine that Colburn had not just entered "mere words" into his internet search engine.

¶16 The State argues that "[t]he proper focus here is on all of the affirmative acts Colburn took towards completion of [possession of child pornography], not whether his plan was ultimately successful on the search dates in question." Considering the evidence as a whole, we agree that Colburn committed an overt act "far enough towards the accomplishment of the desired result to amount to the commencement of the consummation." *Gunderson*, ¶ 59. The evidence allowed the jury to permissibly find Colburn had committed an overt act "far enough towards the accomplishment" of possessing child pornography that the crime would be consummated. *Mahoney*, 264 Mont. at 97, 870 P.2d at 70; *Gunderson*, ¶ 59.[2]

---

[2] Colburn relies on *State v. Fuller*, 266 Mont. 420, 880 P.2d 1340 (1994), where we reversed the defendant's conviction on three counts of sexual assault on grounds of insufficient evidence. There, the defendant made sexually provocative comments and gestures to three young girls, which Colburn argues bears "marked similarity" to his actions here. However, the *Fuller* case was tried before a judge, who stated, in contradiction to the ultimate guilty verdicts, that "the evidence does not show beyond a reasonable doubt that the defendant actually intended to touch the victims." *Fuller*, 266 Mont. at 423, 880 P.2d at 1342. We reversed based upon this single finding, and not upon the sufficiency of the evidence, as a whole, to support the verdict. *Fuller*, 266 Mont. at 423, 880 P.2d at 1343. The posture of *Fuller* is anomalous to the usual sufficiency of the evidence inquiry.

8

¶17 Colburn offers as an issue of law that evidence of "a second, dispositive step" on his part "showing an attempt to access illegal content" was necessary for conviction, arguing that, "[w]ithout a second step to indicate what content was actually sought, those words remain plain speech – merely words." However, the law has never required a distinct "second step" in order for an "appreciable fragment of the crime" to be completed for purposes of attempt. *Mahoney*, 264 Mont. at 97, 870 P.2d at 70. The statute provides the crime of attempt can be based upon "any act" toward the commission of the offense. Section 45-4-103(1), MCA. As discussed above, the jury was presented with sufficient evidence to permit it to find the commission of an "overt act" that went far enough to the accomplishment of obtaining child pornography to satisfy the statute, and thus support the conviction. *Gunderson*, ¶ 59.

¶18 Affirmed.[3]

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT

---

[3] In his reply brief, Colburn makes a brief constitutional argument regarding content-based bans on speech, claiming the State is unilaterally prohibiting speech, such as his search terms. This issue was neither presented at, nor ruled on at the District Court, and we decline to address it for the first time on appeal. *See In re A.N.W.*, 2006 MT 42, ¶ 41, 331 Mont. 208, 130 P.3d 619 ("This Court does not consider an issue presented for the first time on appeal.").

Justice Laurie McKinnon, dissenting.

¶19 The issue presented in this appeal is whether the State produced sufficient evidence of an overt act indicating that Colburn, absent an intervening circumstance independent of Colburn's will, would have consummated the crime of possession of child pornography. The only evidence of an overt act produced in support of counts six and nine, attempted possession of child pornography on the specific dates of May 30, 2010, and July 17, 2010, was that Colburn entered words into the search field of an Internet search engine. An expert witness indicated these were search terms that could lead to child pornography cites. While this, together with other circumstantial evidence, may be enough for a jury to find Colburn harbored the requisite criminal mens rea to commit the offense, it is insufficient proof for a "rational trier of fact [to find] the elements of the offense beyond a reasonable doubt." *State v. Fuller*, 266 Mont. 420, 422, 880 P.2d 1340 (1994). As in *Fuller*, reviewing an attempt conviction presents an issue "relating to the fundamental principle subsumed in this standard: that the prosecution must establish each and every element of the charged offense by proof beyond a reasonable doubt." *Fuller*, 266 Mont. at 422 (citing *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781 (1979)).

¶20 Montana's attempt statute provides: "[a] person commits the offense of attempt when, with the purpose to commit a specific offense, the person does any act toward the commission of the offense." Section 45-4-103(1), MCA. The criminal offense of possessing child pornography occurs when a person "knowingly possesses any visual or print medium . . . in which a child is engaged in sexual conduct, actual or simulated." Section 45–5–625(1)(e), MCA. The elements of the offense thus clearly provide that the state must prove beyond a reasonable doubt that (1) the person acted knowingly; (2) the person possessed the image; (3) the image was that of a child; and (4) the image involved the child in sexual conduct, actual or simulated. The State may

10

not be relieved of its burden of proving each and every element of the offense merely by charging an attempt to commit the crime. The State must prove that the image Colburn *would* have possessed on May 30, 2010, and July 17, 2010, was that of a child involved in sexual conduct.

¶21 An overt act is not simply an affirmative act or an act in preparation; it is an act towards *consummation* of the offense:

> This Court has stated that an overt act 'must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation.' In addition, the Court stated that 'there must be at least some appreciable fragment of the crime committed, and it must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter.'

*State v. Ribera*, 183 Mont. 1, 11, 597 P.2d 1164, 1170 (1979) (citing *State v. Rains*, 53 Mont. 424, 164 P. 540 (1917)); *see also State v. Mahoney*, 264 Mont. 89, 97, 870 P.2d 65 (1994). This requirement in the law exists in order to ensure that the State, by charging only an attempt, is not relieved of its burden of proving each element of the offense. A criminal penalty may be based only upon the defendant's actions which, absent an interruption independent of the defendant, would have resulted in the commission of an offense.

¶22 Here, the State failed to prove that Colburn completed an appreciable fragment of the crime or that the crime would have been completed had an intervening circumstance not occurred beyond Colburn's control. Importantly, the jury was unable to decide whether images downloaded by Colburn on other dates constituted child pornography and, as a result, the State dismissed counts one through four. Of the remaining five attempt charges, the jury found the State had not proven three of the counts. While evidence offered in support of these other counts may be circumstantial evidence of Colburn's intent on the two counts for which he was convicted, the State is not relieved of its burden of proving the remaining elements of the offense

11

for the specific dates charged on May 30 and July 17. There was no evidence presented of what the image would have been—that the image would have been that of a child—or that the child would have been engaged in sexual conduct. At most, there was only speculation, based on the evidence presented on other counts found insufficient by the jury, that Colburn would have eventually possessed a pornographic image of a child on the dates charged.

¶23    As much as we dislike child pornography and want to protect children, it is impermissible to impose a criminal penalty on the basis of an act which is only speculative as to the offense that would have been committed. I dissent from the Court's conclusion that there was sufficient evidence of an overt act by Colburn upon which the jury could find an attempt to possess child pornography.


                                   /S/ LAURIE McKINNON


Justice Patricia Cotter joins in the foregoing dissent.


                                   /S/ PATRICIA COTTER