JUSTICE McKINNON,
dissenting.
¶19 The issue presented in this appeal is whether the State produced sufficient evidence of an overt act indicating that Colburn, absent an intervening circumstance independent of Colburn’s will, would have consummated the crime of possession of child pornography. The only evidence of an overt act produced in support of counts six and nine, attempted possession of child pornography on the specific dates of May 30, 2010, and July 17, 2010, was that Colburn entered words into the search field of an Internet search engine. An expert witness indicated these were search terms that could lead to child pornography cites. While this, together with other circumstantial evidence, may be enough for a jury to find Colburn harbored the requisite criminal mens rea to commit the offense, it is insufficient proof for a “rational trier of fact [to find] the elements of the offense beyond a reasonable doubt.” State v. Fuller, 266 Mont. 420, 422, 880 P.2d 1340 (1994). As in Fuller, reviewing an attempt conviction presents an issue “relating to the fundamental principle subsumed in this standard: that the prosecution must establish each and every element of the charged offense by proof beyond a reasonable doubt.” Fuller, 266 Mont. at 422 (citing Jackson v. Virginia, 443 U.S. 307, 316, 99 S. Ct. 2781 (1979)).
¶20 Montana’s attempt statute provides: “[a] person commits the offense of attempt when, with the purpose to commit a specific offense, the person does any act toward the commission of the offense.” Section 45-4-103(1), MCA. The criminal offense of possessing child pornography occurs when a person “knowingly possesses any visual or print medium ... in which a child is engaged in sexual conduct, actual or simulated.” Section 45-5-625(1)(e), MCA. The elements of the offense thus clearly provide that the state must prove beyond a reasonable doubt that (1) the person acted knowingly; (2) the person possessed the image; (3) the image was that of a child; and (4) the image involved the child in sexual conduct, actual or simulated. The State may not be relieved of its burden of proving each and every *107 element of the offense merely by charging an attempt to commit the crime. The State must prove that the image Colburn would have possessed on May 30, 2010, and July 17, 2010, was that of a child involved in sexual conduct.
¶21 An overt act is not simply an affirmative act or an act in preparation; it is an act towards consummation of the offense:
This Court has stated that an overt act ‘must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation.’ In addition, the Court stated that ‘there must be at least some appreciable fragment of the crime committed, and it must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter.’
State v. Ribera, 183 Mont. 1, 11, 597 P.2d 1164, 1170 (1979) (citing State v. Rains, 53 Mont. 424, 164 P. 540 (1917)); see also State v. Mahoney, 264 Mont. 89, 97, 870 P.2d 65 (1994). This requirement in the law exists in order to ensure that the State, by charging only an attempt, is not relieved of its burden of proving each element of the offense. A criminal penalty may be based only upon the defendant’s actions which, absent an interruption independent of the defendant, would have resulted in the commission of an offense.
¶22 Here, the State failed to prove that Colburn completed an appreciable fragment of the crime or that the crime would have been completed had an intervening circumstance not occurred beyond Colburn’s control. Importantly, the jury was unable to decide whether images downloaded by Colburn on other dates constituted child pornography and, as a result, the State dismissed counts one through four. Of the remaining five attempt charges, the jury found the State had not proven three of the counts. While evidence offered in support of these other counts may be circumstantial evidence of Colburn’s intent on the two counts for which he was convicted, the State is not relieved of its burden of proving the remaining elements of the offense for the specific dates charged on May 30 and July 17. There was no evidence presented of what the image would have been—that the image would have been that of a child—or that the child would have been engaged in sexual conduct. At most, there was only speculation, based on the evidence presented on other counts found insufficient by the jury, that Colburn would have eventually possessed a pornographic image of a child on the dates charged.
¶23 As much as we dislike child pornography and want to protect children, it is impermissible to impose a criminal penalty on the basis of an act which is only speculative as to the offense that would have *108 been committed. I dissent from the Court’s conclusion that there was sufficient evidence of an overt act by Colburn upon which the jury could find an attempt to possess child pornography.
JUSTICE COTTER joins in the foregoing dissent.