FILED

05/05/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0011

DA 19-0011

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 114N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JON DAVID BROOKS,

Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 18-43
Honorable Matthew Cuffe, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Nick K. Brooke, Smith & Stephens, P.C., Missoula, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Hannah E. Tokerud,
Assistant Attorney General, Helena, Montana

Marcia Boris, Lincoln County Attorney, Libby, Montana

Submitted on Briefs:  March 11, 2020

Decided:  May 5, 2020

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and may not serve as precedent. The case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jon David Brooks appeals his conviction in the Montana Nineteenth Judicial District, Lincoln County, for theft, a felony in violation of § 45-6-301, MCA. Brooks asserts that the State presented insufficient evidence to prove that the value of the subject property exceeded the felony threshold of $1,500. We reverse and remand for entry of an amended judgment of conviction on misdemeanor theft.

¶3 On March 5, 2018, a Lincoln County Sheriff's Detective arrested Brooks on a misdemeanor warrant unrelated to this case. Incident to the arrest, the Detective discovered Brooks in possession of a personal computer stolen from a local business approximately six weeks earlier. Subsequently charged with felony theft, Brooks ultimately waived his right to a jury trial and then, except for the value of the stolen property, stipulated in advance of trial to the essential elements of theft as charged.

¶4 At bench trial on September 6, 2018, the State's sole witness was the owner of the stolen computer who testified from memory that he bought it new in 2015, at the base price of $1,500 with additional hardware and software, for a total of $3,000. Based on his internet research, he testified that the total replacement value of the stolen items would be $3,013.63 ($1,455.64/tower and power cable, $879.99/"memory sticks," and $678/software). No other evidence was presented by either party.

¶5 At the close of evidence, Brooks moved for a "directed verdict" on felony theft on the assertion that the State failed to present sufficient evidence to prove that the subject property had a value in excess of $1,500 when stolen three years after original purchase. The District Court denied the motion and ultimately found him guilty of felony theft. The court reasoned that "even if we do a fifty percent reduction" in value from the original purchase price, the value is "still at fifteen hundred dollars." Brooks received a two-year suspended commitment to the Montana Department of Corrections, *inter alia*. He timely appeals.

¶6 A challenge to the sufficiency of the evidence to prove an essential element of a crime is a question of law reviewed de novo. *State v. Colburn*, 2016 MT 246, ¶ 7, 385 Mont. 100, 386 P.3d 561. Our standard of review is whether, when viewed in the light most favorable to the conviction, the record contains minimally sufficient evidence upon which the trier of fact could have reasonably found all essential elements of the crime proven beyond a reasonable doubt. *State v. Booth*, 2012 MT 40, ¶ 7, 364 Mont. 190, 272 P.3d 89; *State v. Roberts*, 194 Mont. 189, 195, 633 P.2d 1214, 1218-19 (1981) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)).

¶7 To convict on felony theft, the State has the burden of proving beyond a reasonable doubt, *inter alia*, that the subject property had a value in excess of $1,500 at the time of theft. Sections 45-6-301(7), 45-2-101(77)(a), and 46-16-204, MCA; *State v. Martin*, 2001 MT 83, ¶ 60, 305 Mont. 123, 23 P.3d 216 (citing *State v. Sunday*, 187 Mont 292, 300, 609 P.2d 1188, 1193 (1980)). As referenced in § 45-6-301(7), MCA, "value" means "the market value of the property at the time and place of the crime." Section 45-2-101(77)(a),

MCA. However, "if the market value cannot be satisfactorily ascertained," then the value is "the cost of the replacement of the property within a reasonable time after the crime." Section 45-2-101(77)(a), MCA. When either the market value or replacement value "cannot be determined" to be above or below the $1,500 threshold, the value "is considered to be an amount less than $1,500." Section 45-2-101(77)(b), MCA.

¶8 As referenced in § 45-2-101(77)(a), MCA, "market value" is not a statutorily defined term and therefore has its plain meaning in ordinary usage. In ordinary usage, "market value" means the current value on the open market—the price which a buyer with full knowledge of pertinent fact is willing to pay and which a seller is willing to accept. *See Fair Market Value, Black's Law Dictionary* (10th ed. 2014). "[R]eplacement value is [typically] greater than the fair market value due to depreciation in value over time of many types of property." *United States v. Kaplan*, 839 F.3d 795, 800 (9th Cir. 2016).

¶9 Here, viewed in the light most favorable to the conviction, the State at most presented evidence of the replacement value of the stolen items. It presented no evidence upon which the fact finder could have reasonably determined a current market value above or below the $1,500 felony threshold. The court's value rationale (50% reduction of original purchase price as estimate of market value three years later) was thus wholly unsupported by any record evidence. Replacement value is certainly a permissible alternative measure of value, but only if there is *evidence* upon which the fact finder can reasonably conclude that "market value cannot be satisfactorily ascertained." Section 45-2-101(77)(a), MCA. The State presented no such evidence here. It jumped to replacement value as an alternative measure of value without proof that the market value

of the subject property could not "be satisfactorily ascertained." We hold that the State presented insufficient evidence to prove that the value of the subject property exceeded the statutory threshold differentiating felony from misdemeanor theft.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We reverse and remand for entry of an amended judgment of conviction on the offense of misdemeanor theft, appropriate restitution, misdemeanor-appropriate probation conditions, and corresponding statutory charges.

/S/ DIRK M. SANDEFUR

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE