

FILED

06/14/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0264

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0264

DOUGLAS RAYMOND VEIS,

Petitioner,

v.

PETER BLUDWORTH, Warden,

Respondent.

FILED

JUN 1 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, Douglas Raymond Veis has filed a Petition for Writ of Habeas Corpus, explaining that the Board of Pardons and Parole (Board) should have granted his parole and that this denial violates his due process rights.

In December 1996, the Thirteenth Judicial District Court, Yellowstone County, sentenced Veis for four counts of sexual intercourse without consent to the Montana State Prison (MSP) to a forty-year term, followed by three concurrent, forty-year terms. His total sentence is eighty years. Veis appealed. *State v. Veis*, 1998 MT 162, 289 Mont. 450, 962 P.2d 1153. We affirmed. *Veis*, ¶¶ 1, 29.

Veis contends that he is innocent and therefore, he will not admit guilt. He argues that he should not be required to complete the second portion of sex offender program treatment (SOP II). Veis includes copies of his written kites and letters to MSP personnel as well as the Board, along with the responses. He states that these documents provide "their stand against [his] rights[.]" He further states that he has "done 26½ years because the system is broken," and that his convictions are "something [he] had nothing to do with!" Veis points out that the District Court did not recommend SOP I and SOP II, but that the Board has. Veis seeks assistance and requests counsel.

This Court has decided similar arguments more than twenty years ago. *McDermott v. McDonald*, 2001 MT 89, ¶¶ 1, 5, 12, 305 Mont. 166, 24 P.3d 200. McDermott sought habeas corpus relief with this Court because the Board denied him parole in part for his

failure to participate in SOP. McDermott argued then that "the Board does not have authority to consider his lack of participation in [] SOP as a basis for denying him early release on parole." *McDermott*, ¶ 12. He also argued that "the Board's authority to set such conditions can be no greater than a sentencing court's authority to set conditions on a sentence . . . ." *McDermott*, ¶ 14. This Court held that the arguments lacked merit. We specifically pointed out the Board's broad authority to set conditions, which is different than a sentencing court's. "The Board's authority to impose conditions precedent to parole is both independent of and broader than a court's authority to impose such conditions in a sentence." *McDermott*, ¶ 15. This Court further explained:

> Second, even if consideration of McDermott's failure to participate in the SOP can be viewed as a precondition to parole, our holding in *Ommundson*[1] does not limit the Board's authority to set such conditions. McDermott's argument fails to recognize the fundamental difference between imposition of a sentence-as in *Ommundson*-and release on parole. A sentence, or condition included in that sentence, is a *limitation on liberty*. A condition on parole is not. The district court's authority is properly restrained when it acts to limit an individual's freedom. Once lawfully sentenced, however, a prisoner is not entitled to release prior to the completion of his full sentence. Parole, therefore, is a *grant of liberty*. A condition on parole only limits freedom to which the inmate is otherwise not entitled. As a general proposition, then, it is invalid to assume, as McDermott does, that the Board's authority to set conditions precedent to parole is necessarily limited by a court's sentencing authority.

*McDermott*, ¶ 17 (emphasis in original and footnote added).

Veis provides the Board's case dispositions and letters, dating back to 2007. In August 2007, the Board indicated Veis needed sex offender treatment. In August 2010, the Board denied him parole after review and stated that Veis should "request a return upon completion of SOP II." The Board reiterated completion of SOP II was necessary in August 2015, August 2018, January 2019, and August 2021. Veis had a reappearance

---

[1] *See State v. Ommundson*, 1999 MT 16, ¶ 12, 293 Mont. 133, 974 P.2d 620 (this Court decided that a district court's condition requiring Ommundson to participate in SOP had no nexus with the charged offense of driving under the influence of alcohol (DUI)).

before the Board on March 10, 2022. The Board also gave its reasons for denial: "Nature and severity of the offense, multiple crimes, need for risk reduction programming, parole would diminish the severity of the offense and would place community at risk, Strong Objection from Citizenry."

The Board has not violated Veis's due process rights. "There is no absolute standard for what constitutes due process." *McDermott*, ¶ 10. The Board's dispositions all imposed SOP as a condition. Section 46-23-215, MCA (1995). The Board has the authority to impose such a condition even though the Yellowstone County District Court did not. *McDermott*, ¶ 17. The Board has an obligation "to ensure that no prisoner is released on parole who cannot meet these three criteria." *McDermott*, ¶ 19. These criteria include when (1) there is a reasonable probability that the prisoner can be released without detriment to the prisoner or to the community; (2) it is in the best interests of society; and (3) the prisoner is able and willing to fulfill the obligations of a law-abiding citizen. *McDermott*, ¶ 19; §§ 46-23-201(1) and 46-23-201(4), MCA (1995).

Lastly, we address Veis's claim concerning his innocence. Veis correctly states that the District Court had two jury trials, after the first resulted in a hung jury. *Veis*, ¶ 8. Veis has been lawfully sentenced. The District Court considered imposing SOP I and II, but it did not do so after counsel raised concerns about recent decisions by this Court.[2] The court addressed Veis's claim directly prior to sentencing:

| District Court: | Mr. Veis, anything you would like to say. |
| Defendant Veis: | I'm innocent, Your Honor. |
| District Court: | Sir? |
| Defendant Veis: | I'm innocent. |
| District Court: | Anything else you would like to say? |
| Defendant Veis: | No, sir. |

District Court: Okay. I have reviewed the presentence report, and as you have noted I was the Judge at trial. Jury says you are not innocent, jury says you are guilty of all four counts. There is substantial evidence to believe that that is accurate, and I totally disagree with the fact that you say that you are innocent. You're not.

---

[2] *See State v. Fuller*, 266 Mont. 420, 880 P.2d 1340 (1994) and *State v. Fuller*, 276 Mont. 155, 915 P.2d 809 (1996).

3

Veis has exhausted his appeal remedy and is precluded from challenging his convictions now through the remedy of habeas corpus relief. Section 46-22-101(2), MCA. "Parole . . . is a discretionary grant of freedom from incarceration." *McDermott*, ¶ 24. The Board exercised its broad authority and discretion in denying Veis's parole, giving Veis the written reasons and conditions to achieve the grant of liberty. Veis is not entitled to the granting of parole or habeas corpus relief. Veis reappears before the Board in August 2024. Therefore,

IT IS ORDERED that Veis's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Veis's request for appointment of counsel is DENIED as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Douglas Veis personally.

DATED this 14 day of June, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

4