JUSTICE BAKER
delivered the Opinion of the Court.
¶1 Rick Dennis Strobel was charged with partner or family member assault (PFMA) after attacking his wife, Bridget Rogers. Rogers told the police that Strobel hit her in the face and tried to force her into a pickup truck. At trial, Rogers recanted her prior statement to the police. The Municipal Court nonetheless convicted Strobel of PFMA, and the District Court affirmed. Positing that the only evidence establishing the required element of “bodily injury” was Rogers’s prior inconsistent statement, Strobel argues that the evidence was insufficient to support his conviction.
¶2 We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 Helena Police Officer Jonathan Cook responded to a bystander’s 9-1-1 call reporting that a man—later identified as Strobel—was trying to force a woman into a pickup truck. Upon arrival at the scene, Officer Cook spoke with Rogers. He observed that Rogers was visibly upset, that she was crying, and that she smelled strongly of alcohol. Officer Cook testified that Rogers told him that Strobel tried to push her into the truck, that he grabbed her by the face, and that he punched her twice in the face. Officer Cook did not observe any injuries on Rogers, and she refused medical attention.
¶4 The City of Helena charged Strobel with PFMA under § 45-5-206(1)(a), MCA. Thomas Baty, the bystander who called 9-1-1, testified that he saw Strobel trying to push Rogers into the passenger side of the truck and that this “looked wrong” to him. He stated that Rogers resisted Strobel’s efforts to push her into the truck. Baty did not see Strobel punch Rogers or hear Rogers scream or cry for help.
¶5 When Rogers took the witness stand at trial, she testified that she *19 was drunk at the time of the alleged assault and could only vaguely remember what happened. She claimed to not recall what she told Officer Cook, and she asserted that Strobel did not strike her in the face.
¶6 Strobel moved to dismiss the charges for insufficient evidence. The Municipal Court denied the motion and convicted him. Strobel then appealed his conviction to the First Judicial District Court. He argued that because Rogers recanted her statement and there was no other testimony that Strobel had struck her or otherwise caused her bodily injury, the evidence was not sufficient to support every element of the crime of PFMA under § 45-5-206(1)(a), MCA.
¶7 The District Court affirmed Strobel’s conviction. The court reasoned that Officer Cook’s and Baty’s testimony supported the Municipal Court’s conclusion that Strobel had caused Rogers bodily injury. Thus, the District Court held that sufficient evidence existed to support a finding that Strobel was guilty of PFMA. Strobel appeals.
STANDARDS OF REVIEW
¶8 When reviewing a district court’s ruling on the decision of a municipal court, we examine the record independently of the district court’s decision, applying the appropriate standards of review. City of Missoula v. Tye, 2016 MT 153, ¶ 8, 384 Mont. 24, 372 P.3d 1286. We review questions on the sufficiency of the evidence in a criminal matter to determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Spottedbear, 2016 MT 243, ¶ 8, 385 Mont. 68, 380 P.3d 810. Whether sufficient evidence exists to convict a defendant is ultimately an application of the law to the facts and, as such, is properly reviewed de novo. State v. Colburn, 2016 MT 246, ¶ 7, 385 Mont. 100, 386 P.3d 561. It remains the function of the trier of fact to determine the credibility of the witnesses and the weight to be given their testimony. State v. Hudson, 2005 MT 142, ¶ 22, 327 Mont. 286, 114 P.3d 210.
DISCUSSION
¶9 Whether sufficient evidence existed to support Strobel’s conviction.
¶10 The provision under which Strobel was charged, § 45-5-206(1)(a), MCA, requires proof that the defendant “purposely or knowingly cau.seldl bodily injury to a partner or family member.” “Partner” includes spouses. Section 45-5-206(2)(b), MCA. “Bodily injury” means “physical pain, illness, or an impairment of physical condition.” Section *20 45-2-101(5), MCA. Strobel contends that the only evidence establishing the necessary element of bodily injury is Rogers’s prior inconsistent statement to Officer Cook. Without corroboration of her statement, he asserts that the evidence was insufficient to sustain his conviction.
¶11 Each element of a criminal offense “must be proven by sufficient evidence.” Spottedbear, ¶ 23. Prior inconsistent statements may be admitted as substantive evidence and may be considered in “determining whether the evidence is sufficient to sustain the conviction.” State v. Torres, 2013 MT 101, ¶ 27, 369 Mont. 516, 299 P.3d 804. A prior inconsistent statement is a statement made by a declarant that the declarant later contradicts during testimony at trial. M. R. Evid. 801(d)(1)(A). While such a statement may be admitted as substantive evidence, it is insufficient, standing alone, to prove a necessary element of a criminal offense. Torres, ¶ 27 (citing State v. White Water, 194 Mont. 85, 88-89, 634 P.2d 636, 638 (1981)). Instead, prior inconsistent statements must be corroborated by other evidence in order to sustain a conviction. State v. Giant, 2001 MT 245, ¶ 34, 307 Mont. 74, 37 P.3d 49; State v. Charlo, 226 Mont. 213, 217, 735 P.2d 278, 280 (1987).
¶12 We established in White Water that “[a]n unreliable prior inconsistent statement should not be the sole, substantive evidence upon which a jury should be allowed to base guilt.” White Water, 194 Mont, at 88, 634 P.2d at 638. We relied on White Water to conclude in Giant that prior inconsistent statements admitted as substantive evidence of guilt must be corroborated in order to sustain a conviction. Giant, ¶ 34. We held that evidence of the husband’s flight did not corroborate the wife’s prior inconsistent statement identifying him as her attacker, because neither the prior statement nor the evidence of flight independently constituted reliable evidence of guilt. Giant, ¶¶ 39, 41. We noted that evidence of flight, standing alone, “cannot be the sole basis of guilt,” as flight could be “as consistent with innocence as it is with guilt.” Giant, ¶ 38. We explained that to hold that “two forms of evidence, each unreliable in its own right, nonetheless, when taken together, are sufficient to prove guilt beyond a reasonable doubt, accords the sum of the evidence a characteristic trustworthiness that neither of its constituent parts possesses.” Giant, ¶ 39.
¶13 By contrast, we held in Charlo that prior inconsistent statements identifying the defendant as the suspect in an aggravated assault case were adequately corroborated. Charlo, 226 Mont. at 217-18, 735 P.2d at 280-81. In that case, Charlo allegedly stabbed his daughter’s boyfriend in a parking lot. Charlo, 226 Mont. at 214, 735 P.2d at 279. *21 The daughter and boyfriend both made statements to the police identifying Charlo as the assailant. Charlo, 226 Mont. at 214, 735 P.2d at 279. At trial, they recanted their statements and asserted that they did not know who had stabbed the boyfriend. Charlo, 226 Mont. at 215, 735 P.2d at 279. The daughter, boyfriend, and a third-party witness did, however, provide testimony that placed Charlo near the victim immediately prior to the stabbing, and the daughter testified that Charlo had a knife in his hand immediately after the stabbing. Charlo, 226 Mont. at 217, 735 P.2d at 280-81. We held that this testimony was sufficient corroboration of the prior inconsistent statements. Charlo, 226 Mont. at 218, 735 P.2d at 281.
¶14 We also found sufficient corroboration of prior inconsistent statements regarding the defendant’s use of force in Torres. Torres, ¶ 30. In that case, police officers responding to a domestic violence call heard gunshots from Torres’s bedroom, and they saw Torres’s wife, Grendy, quickly exit the house crying, shaking, and appearing “frantic.” Torres, ¶¶ 8-10. Grendy told police that Torres had violently assaulted her, that he had threatened to kill her, and that she was afraid for her life. Torres, ¶¶ 11, 13, 22. Torres admitted to police that he had physically restrained Grendy and had fired a gun in her presence. Torres, ¶ 12. At trial, Grendy contradicted her statements made to the police. Torres, ¶ 14. We upheld Torres’s conviction, reasoning that “the evidence as a whole” was sufficient for a reasonable jury to find that Torres used force against Grendy. Torres, ¶¶ 28, 30.
¶15 Strobel argues that because there is no other evidence that he punched Rogers or caused physical injury, her prior statement cannot support his conviction. Significantly, in both Torres and Charlo, there was no other direct evidence of the seminal act that formed the basis for the charge. In Torres, there was no direct evidence besides the prior inconsistent statements that Torres threatened to kill Grendy or that he hit her or pushed her head into the windshield. See Torres, ¶¶ 6-14, 21-23. But we determined that each piece of corroborating evidence—that Torres grabbed Grendy firmly by the arm, that he fired a shot from the bedroom where he held her, that Grendy’s demeanor indicated she was upset and afraid for her safety, and that Grendy spent the night in a hotel rather than returning home—“bears on an element of aggravated assault and corroborates Grendy’s prior inconsistent statements.” Torres, ¶ 28. In Charlo, the corroborating evidence was sufficient because it placed the defendant near the victim with a knife at the time of the stabbing, even though there was no independent direct evidence that Charlo did the stabbing. Charlo, *22 226 Mont. at 217-18, 735 P.2d at 280-81.
¶16 We stated in Torres that “[a]s long as each element of the offense finds support in some independent, reliable evidence of guilt besides the prior statement ... corroboration will be sufficient.” Torres, ¶ 27. The elements of an offense “do not require direct evidence and can be established by circumstantial evidence alone.” State v. Finley, 2011 MT 89, ¶ 29, 360 Mont. 173, 252 P.3d 199 (citing State v. Vukasin, 2003 MT 230, ¶ 20, 317 Mont. 204, 75 P.3d 1284). Circumstantial evidence is evidence “which tends to establish a fact by proving another and which, though true, does not of itself conclusively establish that fact but affords an inference or presumption of its existence.” Section 26-1-102(1), MCA.
¶17 In Finley, we reinstated the defendant’s PFMA conviction because, although his wife recanted at trial her statements that he had assaulted her, there was ample circumstantial evidence that “allowed a rational trier of fact to conclude that the ‘reasonable apprehension of bodily injury’ element was satisfied beyond a reasonable doubt.” Finley, ¶ 30. And in Vukasin, we sustained the defendant’s PFMA conviction without the victim’s direct testimony that she feared injury, reasoning that “the direct proof of other facts may give rise to an inference that the victim sustained reasonable apprehension of bodily injury.” Vukasin, ¶¶ 20-22.
¶18 These cases make clear that corroborating evidence must be reliable, but it need not be direct evidence of each element of the offense. If circumstantial evidence alone is sufficient to support a conviction, Finley, ¶ 29, it certainly is sufficient to supply corroboration of a prior inconsistent statement. Here, as in Torres, Charlo, and Finley, there is substantial, reliable circumstantial evidence bearing on the elements of the charged offense to corroborate Rogers’s prior statements: Rogers was crying and visibly upset, and Baty witnessed Strobel attempt to physically force Rogers into the truck. The State did not have to prove, as an element of the offense, that Strobel grabbed Rogers by the face or punched her. Even without independent, direct evidence of those actions, the reliable circumstantial evidence—viewed in a light most favorable to the prosecution—corroborates Rogers’s prior statement that Strobel assaulted her and caused physical pain. The corroborating testimony does not have to be sufficient, standing alone, to prove guilt. It instead must “support” the elements of the offense established by the substantive evidence that the prior inconsistent statement supplies. Torres, ¶ 27. Evidence of Strobel forcing Rogers into the truck and of Rogers’s demeanor after the *23 encounter supported an inference that Strobel caused her bodily injury, just as evidence placing Charlo near the stabbing victim with a knife in his hand supported an inference that he had committed the stabbing. See Charlo, 226 Mont. at 217-18, 735 P.2d at 280-81. Rogers’s prior statement supplied substantive evidence of the elements of the charged offense. See Torres, ¶ 27. With corroboration from other reliable, circumstantial evidence, that evidence is sufficient to sustain Strobel’s conviction.
¶19 We acknowledge the shortcomings in the White Water Court’s analysis on this point. White Water’s ex-wife had witnessed him putting his hand down the back of her 15-year-old daughter’s underwear. White Water, 194 Mont. at 86, 634 P.2d at 637. The daughter repudiated at trial her statement to police that White Water had penetrated her vagina with his finger. White Water, 194 Mont. at 87, 634 P.2d at 637. We agreed with the trial court’s decision to dismiss the charge. White Water, 194 Mont. at 87, 634 P.2d at 637. Our decision focused on the unreliability of the victim’s prior statement. White Water, 194 Mont. at 87-88, 634 P.2d at 637-38. Although we noted that the ex-wife “had no knowledge of whether penetration”—a necessary element of sexual intercourse without consent—“had indeed occurred,” we did not discuss or analyze in any fashion whether circumstantial evidence, if reliable, could supply the corroboration needed for a prior inconsistent statement. White Water, 194 Mont. at 88, 634 P.2d at 638. Our subsequent cases make clear, however, that it can.
CONCLUSION
¶20 We hold that the element of “bodily injury” required for a conviction under § 45-5-206(1)(a), MCA, was supported by “independent, reliable evidence of guilt besides the prior statement,” and therefore that the corroboration was sufficient. Torres, ¶ 27. Viewing the evidence in the light most favorable to the prosecution, we conclude that the Municipal Court reasonably could have found every element of the crime of PFMA beyond a reasonable doubt. See Spottedbear, ¶ 8. The District Court did not err in affirming Strobel’s conviction.
¶21 The judgment is affirmed.
JUSTICES WHEAT, SHEA and RICE concur.