FILED

02/28/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0471

DA 20-0471

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 37N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

STEVEN LEE STRIKE, Sr.,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 19-95
Honorable Olivia Rieger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Caitlin Boland Aarab, Boland Aarab PLLP, Great Falls, Montana

      For Appellee:

         Austin Knudsen, Montana Attorney General, Christine Hutchison,
Assistant Attorney General, Helena, Montana

         Lacey Lincoln, Hill County Attorney, Timothy Jeffrey, Deputy County
Attorney, Havre, Montana

Submitted on Briefs:  January 18, 2023

Decided:  February 28, 2023

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Steven Lee Strike, Sr. (Strike) appeals from the Judgment issued by the Twelfth Judicial District Court on July 28, 2022, following his convictions for Aggravated Burglary, Partner or Family Member Assault, and Violation of a No Contact Order, claiming he received ineffective assistance of counsel. We affirm in part, reverse in part, and remand for further action consistent with this Opinion.

¶3 On June 18, 2019, the Hill County District Court issued a no contact order pursuant to § 45-5-209, MCA, naming Strike's former partner, Danae Infante (Infante), as the protected person, and prohibiting Strike from contacting Infante or coming within 1,500 feet of her. After an altercation between Strike and Infante on June 29, 2019, Strike was charged by Information on July 26, 2019, with two offenses: Partner or Family Member Assault, a felony, in violation of § 45-5-206, MCA, and Burglary, a felony, in violation of § 45-6-204, MCA. The Burglary charge was premised on his commission, within an occupied structure, of the offense of Violation of a No Contact Order in violation of § 45-5-209, MCA. Before trial, the District Court twice granted the State leave to amend its Information, first to a single charge of Burglary, then, eight days before trial, to three charges: Aggravated Burglary (Count I), Partner or Family Member Assault (Count II), and Violation of a No Contact Order (Count III). Strike entered pleas of not guilty to all

2

three charges in the Second Amended Information. After a jury trial on June 18, 2020, Strike was convicted of all three charges and on July 28, 2020, the District Court issued its Judgment and sentences for all three counts.

¶4 On appeal, Strike contends he received ineffective assistance of counsel because his counsel, upon completion of the State's case at trial, failed to move to dismiss Counts I and II for insufficient evidence of bodily injury and, at sentencing, failed to object to restitution amounts that were not substantiated by evidence in the record. The State argues Strike has not demonstrated his counsel's failure to move to dismiss Counts I and II for insufficient evidence was ineffective under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), because there was sufficient evidence of bodily injury for consideration by the jury and for conviction. Regarding restitution, the State concedes the Judgment should be vacated with regard to the restitution imposed and this matter should be remanded to the District Court to address restitution.

¶5 This Court analyzes ineffective assistance of counsel claims under the two-part test articulated by the United States Supreme Court in *Strickland*. *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. "Under *Strickland*, a defendant bears the burden of proving: '(1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defense.'" *State v. Ugalde*, 2013 MT 308, ¶ 66, 372 Mont. 234, 311 P.3d 772 (quoting *Whitlow*, ¶ 10).

¶6 Claims of ineffective assistance of counsel are mixed questions of law and fact, which this Court reviews de novo. *State v. Dineen*, 2020 MT 193, ¶ 8, 400 Mont. 461, 469 P.3d 122 (citing *Garding v. State*, 2020 MT 163, ¶ 12, 400 Mont. 296, 466 P.3d 501).

3

"Only record-based ineffective assistance of counsel claims are considered on direct appeal." *Ugalde*, ¶ 28 (citations omitted). "To the extent such claims are reviewable, they present mixed questions of law and fact that we review de novo." *Ugalde*, ¶ 28 (citations and internal quotation marks omitted).

¶7 This Court reviews questions about the sufficiency of the evidence in a criminal matter to determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *City of Helena v. Strobel*, 2017 MT 55, ¶ 8, 387 Mont. 17, 390 P.3d 921 (citation omitted). Whether sufficient evidence existed to convict a defendant is an application of the law to the facts, which we review de novo. *Strobel*, ¶ 8 (citation omitted).

¶8 The appropriate measure of restitution is a question of law, which this Court reviews for correctness. *State v. Brave*, 2016 MT 178, ¶ 6, 384 Mont. 169, 376 P.3d 139 (citing *State v. Aragon*, 2014 MT 89, ¶ 9, 374 Mont. 391, 321 P.3d 841). We review a district court's finding of fact as to the amount of restitution for clear error, and a "factual finding is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the evidence, or if our review of the record convinces us that the court made a mistake." *Brave*, ¶ 6.

¶9 A person commits the offense of partner or family member assault (PFMA) if the person purposely or knowingly causes bodily injury to a partner. Section 45-5-206(1)(a), MCA. "'Bodily injury' means physical pain, illness, or an impairment of physical condition and includes mental illness or impairment." Section 45-2-101(5), MCA.

4

"'Partners' means spouses, former spouses, persons who have a child in common, and persons who have been or are currently in a dating or ongoing intimate relationship." Section 45-5-206(2)(b), MCA. Here, Strike was charged with assaulting his partner, Infante. Thus, to convict Strike of PFMA, the State was required to prove Strike purposely or knowingly caused bodily injury to Infante. Strike contests only the State's proof of the "bodily injury" element of the offense.

¶10 From our review of the record, sufficient evidence was presented by the State to establish that Strike purposely or knowingly caused bodily injury to Infante. Infante gave a prior statement to law enforcement at the scene that she did not suffer pain, but gave conflicting and inconsistent testimony at trial, first characterizing the interaction between herself and Strike as a chest bump. When asked by Strike's counsel if she suffered any pain she answered, "I don't know. No." On redirect by the State, she testified that she told the responding officers she was not in physical pain, but to the State's follow-up question of, "[w]ere you actually in physical pain?" she answered, "[y]es." During the State's case-in-chief, Valerie Moreni (Moreni) testified to hearing "loud thumps and someone screaming" coming from Infante's home on June 29, 2019, while Moreni was visiting and smoking outside her mother's home, who lived next door to Infante. Moreni said she saw "a door open and [Infante] made it out on her hands and knees," saw Infante "trying to straddle out on her hands and knees," and described seeing Strike "dragging her back in and hitting her" before Infante "looked up and saw [Moreni] and screamed to call 911." Moreni testified that after she called 911, Strike left, and she then observed Infante had "[a] couple of lumps on her head, her neck," and was "crying and she was telling [Moreni] and

[Moreni's] mom she was in pain and how bad it hurt." Although Infante presented conflicting testimony as to whether she experienced bodily injury, the jury was free to believe her testimony that she had suffered pain and disregard any contrary assertion by her. The jury was also free to believe Moreni's testimony of Infante crying and exclaiming she was in pain as well as Moreni's testimony as to her observations of lumps on Infante's neck and head from which the jury could infer Infante suffered bodily injury.

¶11 Strike relies on *Strobel* to support his argument that he received ineffective assistance of counsel, but *Strobel* turned on legal issues not applicable in Strike's case. In *Strobel*, a recanting witness's prior inconsistent statement rendered the evidence presented insufficient as "[w]hile [a prior inconsistent] statement may be admitted as substantive evidence, it is insufficient, standing alone, to prove a necessary element of a criminal offense. Instead, prior inconsistent statements must be corroborated by other evidence in order to sustain a conviction." *Strobel*, ¶ 11 (internal citations omitted). Here, no witness recanted a prior inconsistent statement. Although conflicting evidence was presented at trial—the testimony of Infante at trial compared with her prior statements to law enforcement—neither Infante nor Moreni recanted their prior statements. If anything, the conflicting evidence presented at trial serves to underscore the correctness of the District Court in putting the question of the element of bodily injury before a jury to decide.

¶12 Our review of the record shows Strike's appeal ignores relevant and critical parts of the trial testimony from Moreni and Infante—testimony that, while inconsistent and conflicting, was sufficient evidence to put the element of bodily injury to a jury to decide. Based on Moreni's observations and Infante's inconsistent testimony, a jury could

6

conclude beyond a reasonable doubt that Infante experienced pain and bodily injury as a result of Strike's conduct. In light of the evidence presented by the State in its case-in-chief at trial, Strike has failed to establish his counsel's performance for failing to seek dismissal for lack of sufficient evidence as to bodily injury was either deficient or prejudicial. As such, we affirm Strike's convictions as to Counts I and II.

¶13    Infante submitted an Affidavit of Victim's Pecuniary Loss in which she requested $895.00 in restitution for damage done to her property, including two kayaks, a windshield, a driver's side mirror, a washer, and a door. The Montana Department of Health and Human Services (DPHHS) likewise submitted an Affidavit of Victim's Pecuniary Loss setting forth "Claims paid by Montana Medicaid for [] Infante," seeking reimbursement of $6,849.35 and indicating the date of incident to be December 10, 2019—but the date Strike committed the PFMA against Infante was June 29, 2019. The District Court ordered Strike to pay restitution of $8,518.79—the total claimed by Infante and DPHHS together with a 10% administration fee. Strike asserts there was no testimony at trial or sentencing supporting the restitution amounts claimed or imposed. He asserts his counsel was ineffective for failing to object to the claimed restitution and failing to cross-examine Probation Officer Dibblee about the basis for these restitution requests and the documentation that supports these requests. Johnson also faults his counsel for failing to cross-examine Infante about the nexus between her alleged property damage and medical expenses and Strike's criminal conduct on June 29, 2019. Strike asserts as there is no plausible justification for counsel's failures with regard to the restitution issue, review of Strike's IAC claim on direct appeal is appropriate.

¶14 The State asserts that while there are plausible justifications for Strike's counsel's failure to object to some of the requested restitution, there is no plausible justification under the facts of this case to fail to object to others. The State concedes this Court should vacate the restitution imposed and remand this matter to the District Court for resentencing to address the restitution amounts. We agree with the State and vacate the restitution amounts imposed by the District Court and remand for resentencing to address the restitution amounts.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16 Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this Opinion.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR