FILED

10/21/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0419

DA 23-0419

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 244N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

CHRISTOPHER LEE SPANGLER,

Defendant and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDC 2021-465
Honorable Christopher D. Abbott, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Tammy A. Hinderman, Appellate Defender Division Administrator,
Jeavon C. Lang, Managing Appellate Defender, Helena, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Thad Tudor, Assistant
Attorney General, Helena, Montana

Kevin Downs, Lewis and Clark County Attorney, Fallon Stanton,
Daniel Baris, Deputy County Attorneys, Helena, Montana

Submitted on Briefs:   September 10, 2025

Decided:   October 21, 2025

Filed:

_____
Clerk

James Jeremiah Shea delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Christopher Lee Spangler appeals from the judgement issued by the First Judicial District Court on June 12, 2023, following his conviction of Assault with a Weapon in violation of §§ 45-4-103 and 45-5-213(1)(a), MCA, and Unlawful Restraint in violation of § 45-5-301, MCA. Spangler asserts that the State presented insufficient evidence to convict him of the offense of Unlawful Restraint, and the Assault with a Weapon conviction should be amended to Attempted Assault with a Weapon consistent with the State's Amended Information. Spangler was convicted of three other charges that he does not appeal.

¶3	Spangler was arrested following an incident that occurred near downtown Helena in the afternoon on September 24, 2021. Spangler and his-then girlfriend C.J. arrived at a duplex where Spangler's mother, Eddi Michelle Behm, worked as a group home provider for Spring Meadow Resources. C.J. and Spangler parked in front of the duplex and C.J. called Behm to let her know they had arrived. Behm overheard the couple arguing during the call.

¶4	Within the same timeframe that Spangler and C.J. arrived at the duplex, Trent Emmart pulled into the driveway of the neighboring unit to drop off a client. He also worked for Spring Meadow Resources but he and Behm did not know each other well

because they worked for different divisions. Emmart saw Spangler walking away from the truck as he pulled into the driveway.

¶5 Emmart heard a woman cry for help as he stepped out of the vehicle. Emmart looked towards the truck and saw Spangler outside the driver's side door pulling C.J. by her hair through the truck window. Emmart intervened by yelling at Spangler, pushing Spangler away from C.J., and subsequently getting into a "scuffle" with Spangler. Spangler swung a beer bottle at Emmart during the altercation, grazing Emmart's head without causing physical harm.

¶6 Spangler and Emmart briefly separated when Emmart took his attention off Spangler to tell his client to get inside, lock the door, and contact the police. Emmart then reengaged Spangler as Spangler had opened the driver's side door, gotten inside the truck, and was striking C.J. while trying to pull her out of the truck during the moments when Emmart was yelling towards his client. Emmart shut the driver's side door and began to briefly "scuffle" again with Spangler. C.J. drove away when Spangler and Emmart broke apart again. The altercation took a matter of minutes. Behm only witnessed C.J. driving away and Spangler leaving the scene.

¶7 Officer Alex Nimmick responded to the scene and took statements from Emmart and Behm. Officer Matthew Lewis and other Helena Police Department officers arrested Spangler later the same day.

¶8 The State charged Spangler with five offenses: (1) Assault with a Weapon, (2) Partner or Family Member Assault (3rd or subsequent offense) ("PFMA"),

3

(3) Unlawful Restraint, (4) Obstructing a Peace Officer or Other Public Servant, and (5) Resisting Arrest. Spangler pled not guilty to all charges. On April 21, 2023, the State amended the Assault with a Weapon charge to Attempted Assault with a Weapon.

¶9 The District Court held a jury trial from May 1, 2023, to May 3, 2023. The State called Emmart, Behm, Officer Nimmick, and Officer Lewis. C.J. did not testify due to contracting COVID-19 before trial.

¶10 Emmart testified to what transpired between him, Spangler, and C.J. on September 24, 2021. Emmart testified that he heard a woman yell for help, saw Spangler pulling C.J.'s hair through the truck window, that "she was stuck in the car" because Spangler was grabbing her hair, and that Spangler began to try to pull C.J. out of the truck and hit her when Emmart turned away to instruct his client to go inside and call the police. Spangler focused his cross-examination of Emmart on the altercation that transpired between Emmart and Spangler. Spangler questioned Emmart about the inconsistent statements he gave regarding the injury he sustained and the beer bottle's degree of impact.

¶11 Behm testified that she received a call from C.J. when Spangler and C.J. arrived at the duplex. Behm stated she overheard C.J. and Spangler arguing and that she told C.J. to go to her home in East Helena during the call "[b]ecause [C.J.] was wanting to go somewhere and she didn't want to go back to her house." Officer Nimmick testified that dispatch had received a report of an assault between two men and that one of the men had tried to remove a female out of a truck by her hair. Officer Nimmick also explained that he spoke with Emmart and Behm when he arrived at the scene.

4

¶12 After the State rested, Spangler moved the District Court to direct a verdict of acquittal as to the Attempted Assault with a Weapon, PFMA, and Resisting Arrest charges, asserting there was insufficient evidence to sustain the charges. The District Court denied Spangler's motion. Spangler rested without calling any witnesses or presenting any evidence. The jury convicted Spangler of all five offenses.

¶13 We review questions of insufficient evidence to support a conviction de novo. *State v. Burnett*, 2022 MT 10, ¶ 15, 407 Mont. 189, 502 P.3d 703 (citation omitted). We review "questions on the sufficiency of the evidence in a criminal matter to determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *City of Helena v. Strobel*, 2017 MT 55, ¶ 8, 387 Mont. 17, 390 P.3d 921 (citation omitted).

¶14 Spangler argues the State did not present sufficient evidence "to establish beyond a reasonable doubt that Spangler committed the offense of Unlawful Restraint." "A person commits the offense of unlawful restraint if the person knowingly or purposely and without lawful authority restrains another so as to interfere substantially with the other person's liberty." Section 45-5-301(1), MCA. Unlawful restraint shares overlapping provisions with other kidnapping related offenses "to allow a comprehensive treatment of [kidnapping related] crimes." Section 45-5-301(1), MCA, *Annotations*, Comm'rs Note (2024). "Unlawful restraint is the lowest form of interference with another's liberty . . . any intentional interference with another's freedom of movement without lawful authority,

5

even a temporary detention, by which the victim is deprived of his liberty is prohibited." Section 45-5-301(1), MCA, *Annotations*, Comm'rs Note (2024); *accord State v. Rosling*, 2008 MT 62, ¶ 45, 342 Mont. 1, 180 P.3d 1102 (interpreting the kidnapping provision to require restraint but no "specific proof regarding duration of restraint").

¶15    Spangler argues that the only evidence the State presented regarding this charge was Emmart's testimony.  Spangler asserts that Emmart's testimony indicates that Spangler caused bodily harm to C.J. rather than substantially interfering with her liberty.

¶16    The State argues the guilty verdicts "necessarily reflect that the jury found Emmart's testimony credible" and that Emmart's testimony provides "more than sufficient evidence for any rational juror to conclude" Spangler substantially interfered with C.J.'s liberty.

¶17    Emmart testified he arrived at the duplex, heard a woman yell for help, and turned to see Spangler standing outside the driver's side door of the truck pulling C.J.'s hair through the window.  In response to the State's question as to whether C.J. could move freely, Emmart testified that C.J. "was stuck in the car" because Spangler had grabbed C.J.'s hair.

¶18    Emmart's testimony alone could allow a reasonable juror to conclude that C.J. wanted to flee from Spangler but Spangler substantially interfered with C.J.'s liberty by preventing her from fleeing.  *State v. Kaske*, 2002 MT 106, ¶ 25, 309 Mont. 445, 47 P.3d 824 (citation omitted) ("A single witness'[s] testimony is sufficient to prove a fact"). Spangler's assertion that Emmart provided inconsistent accounts of the bodily injury he suffered from his altercation with Spangler may go to Emmart's credibility but "witness

6

credibility and weighing testimony resides with the jury." *State v. McCoy*, 2021 MT 303, ¶ 36, 406 Mont. 375, 498 P.3d 1266.

¶19    With respect to the Assault with a Weapon conviction, Spangler argues the District Court's judgment constitutes a clerical error that should be amended to reflect his conviction of Attempted Assault with a Weapon. On appeal, the State agrees that an amended judgment should be issued to reflect that the jury convicted Spangler of Attempted Assault with a Weapon rather than Assault with a Weapon.

¶20    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm in part, reverse in part, and remand the case for the District Court to amend the judgment to reflect that the jury convicted Spangler of Attempted Assault with a Weapon in violation of §§ 45-4-103 and 45-5-213(1)(a), MCA.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ BETH BAKER
/S/ JIM RICE